UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KEITH D. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-565 (UNA) |
| | ) | |
| D.C. ATTORNEY GENERAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff, who currently is designated to the Federal Correctional Institution in Cumberland, Maryland, alleges that he was wrongly charged and convicted of a felony offense in the Superior Court of the District of Columbia. He raises a host of alleged errors in the criminal proceeding, including an alleged *Miranda* violation, the lack of an accurate description made by an eyewitness, and the denial of counsel during his interrogation. Plaintiff brings this action under 42 U.S.C. § 1983 and demands nominal, compensatory and punitive damages totaling $300 million.

Plaintiff's challenge to his criminal conviction fails. As the Supreme Court has held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994); *see also Williams v. Hill*, 74 F.3d 1339, 1340–41 (D.C. Cir. 1996) (applying the *Heck* rule to *Bivens* actions). Plaintiff does not allege that his conviction or sentence has been reversed or otherwise invalidated, and, therefore, he may not bring a claim for damages predicated on an allegedly improper conviction. *See, e.g.,*

*Johnson v. Williams*, 699 F. Supp. 2d 159, 171 (D.D.C. 2010), *aff'd sub nom. Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344 (D.C. Cir. Oct. 1, 2010); *Jones v. Yanta*, No. 07-1172, 2008 WL 2202219, at *1 (D.D.C. May 27, 2008).

The Court will, accordingly, grant plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and dismiss the complaint for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

An Order is issued separately.

DATE: March 11, 2024

RANDOLPH D. MOSS
United States District Judge